IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**LINDA WATKINS BRASHEAR,**

    **Petitioner,**

v.                                              Case No. 1:21-cv-00100

**WARDEN CARVER,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On February 8, 2021, Petitioner Linda Watkins Brashear ("Petitioner"), proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF Nos. 1, 2). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Currently pending is Respondent's request for dismissal as articulated in the Answer to Petition, Responses to the Court's Orders, and Supplemental Response. (ECF Nos. 8, 12, 14, 16).

Having thoroughly reviewed the record, the undersigned **FINDS** that Petitioner is now receiving the relief that she seeks in her petition; therefore, this habeas proceeding is moot. Accordingly, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** the request for dismissal; **DISMISS** the Petition for a Writ of Habeas Corpus; and remove this matter from the docket of the Court.

I.  **Relevant Facts**

Petitioner states in her petition for habeas relief that she was sentenced to 102 months of imprisonment and three years of supervised release on charges of fraud and making false statements. (ECF No. 2 at 1). She asserts that, since the enactment of the First Step Act of 2018 ("FSA"), she has participated in programming designed to reduce the risk of recidivism. According to Petitioner, the FSA requires the Federal Bureau of Prisons ("BOP") to give inmates time credits for participating in these programs. She claims that she is entitled to 240 days of time credits as of the filing date of her petition and will continue to accumulate FSA credits in the months thereafter, significantly shortening her sentence, as well as the time she must spend incarcerated before qualifying for home confinement. (*Id*. at 22). Petitioner complains that the BOP has failed to give her the time credits she has earned, and she asks the Court for an Order directing the BOP to do so. Petitioner further requests that the Court waive her obligation to exhaust administrative remedies, because such remedies are futile, insufficient, and the matter is one of statutory construction. (*Id*. at 18-21).

On February 22, 2021, the undersigned entered an Order directing Respondent to show cause why the relief requested by Petitioner should not be granted. (ECF No. 6). Respondent filed a response to the Show Cause Order on April 22, 2021. (ECF No. 8). Respondent contends that Petitioner's habeas petition should be dismissed, because she failed to exhaust administrative remedies. Respondent rejects Petitioner's argument that exhaustion should be waived, pointing out that requiring the Petitioner to exhaust available remedies allows the BOP the first opportunity to consider Petitioner's claim and perhaps resolve it. (*Id*. at 2-3). In the absence of a certainty that the BOP will rule adversely, Respondent posits that the BOP should be given the chance to address the

issue. In addition, Respondent argues that Petitioner's petition is premature, because the FSA provides the BOP with two years to phase in the credits, and the two years does not expire until January 15, 2022. (*Id.* at 3-9). Petitioner was given an opportunity to reply to Respondent's arguments, and she filed a rebuttal in which she reiterates that exhaustion should be waived in her case and she is entitled to the immediate application of her FSA credits. (ECF Nos. 9, 10).

On January 31, 2022, the undersigned entered an Order directing the Respondent to provide the Court with a supplemental response to the petition. (ECF No. 11). Petitioner was given seven days after receipt of the supplemental response in which to file a reply. (*Id.*). Respondent submitted her supplemental response on February 17, 2022, arguing that the habeas petition should be dismissed as it is moot. (ECF No. 12). Respondent indicates that the BOP has now fully implemented the FSA and Petitioner will be awarded the credits that she deserves. (*Id.*). On February 28, 2022, Petitioner filed a reply memorandum. (ECF No. 13). She argues that her petition is not moot simply because she is accruing FSA credits, because the credits have not been applied to her sentence calculation. She states that when the credits are applied, she will be entitled to immediate release, because she meets all of the criteria for the elderly home detention program under 34 U.S.C. § 60541(g). (*Id.*). Petitioner again asked that her FSA credits be applied.

On March 9, 2022, Respondent submitted a supplemental response, which included an affidavit from Destiny Spearen, a Paralegal for the Beckley Consolidated Legal Center at Federal Correctional Institution Beckley. (ECF Nos. 14, 14-1, 14-2). Ms. Spearen confirms that the BOP has performed a manual calculation of Petitioner's credits, and she has earned 420 days of federal time credits. (ECF No. 14-1). However,

3

because the attachments provided with the supplemental response failed to reflect the FSA credits, the Court ordered Respondent to provide documentation reflecting that credit. (ECF No. 15). On April 1, 2022, Respondent filed a response to the Order, with an attachment reflecting that the BOP had applied 365 days of credit to Petitioner's sentence calculation, shortening her projected release date from February 21, 2025 to February 22, 2024. (ECF Nos. 16, 16-1). Respondent explains that the maximum number of time credits that may be applied to an inmate's release date is 365 days. (ECF No. 16 at 1) (citing 18 U.S.C. § 3624(g)(3).

## II. **Standard of Review**

Although Respondent does not state under which rule she brings the request for dismissal, given the stage of the proceedings and nature of the arguments presented, it is best understood as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), which challenges a court's subject matter jurisdiction over the pending dispute. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A Rule 12(b)(1) motion can be presented in two ways. First, the movant may contend that "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams*, 697 F.2d at 1219. When presented with this contention, the court assumes that the allegations in the complaint are true and affords the plaintiff the same procedural protection he would receive under Rule 12(b)(6). *Id*. Second, the movant may raise a factual attack against the complaint, alleging that the jurisdictional allegations of the complaint are not true. *Id*. Then, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams*, 697 F.2d at 1219). The burden of proving that a

4

court has subject matter jurisdiction rests with the petitioner, as he is the party asserting it. *Johnson v. N. Carolina*, 905 F. Supp. 2d 712, 719 (W.D.N.C. 2012). However, the court should grant dismissal "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

A motion to dismiss under Rule 12(b)(1) is the appropriate avenue by which to raise the issue of mootness, because mootness generally deprives a federal court of jurisdiction under Article III of the United States Constitution. *See Justice v. Acosta*, No. 2:17-CV-03681, 2018 WL 4291744, at *3 (S.D.W. Va. Sept. 7, 2018); *see also Estate of Peeples v. Barnwell Cty. Hosp.*, No. CIV.A. 1:13-01678, 2014 WL 607586, at *5 (D.S.C. Feb. 18, 2014) (collecting cases). Here, Respondent is bringing a factual challenge to this Court's jurisdiction over Petitioner's petition, alleging that subsequent developments have removed the factual basis for jurisdiction. As such, this Court may consider evidence outside the pleadings without converting the motion to one for summary judgment. *See L.K. ex rel. Henderson v. N. Carolina State Bd. of Educ.*, No. 5:08-CV-85-BR, 2011 WL 861181, at *4 (E.D.N.C. Feb. 18, 2011), *report and recommendation adopted*, No. 5:08-CV-00085-BR, 2011 WL 861154 (E.D.N.C. Mar. 9, 2011).

### III.   Discussion

#### A. Mootness

As a prerequisite to addressing the merits of the habeas petition, this Court must have subject matter jurisdiction over the dispute pursuant to Article III of the United States Constitution. Even when no party has raised the issue of subject matter jurisdiction, the Court must consider it. Article III allows federal courts to adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990) (citations omitted). Consequently, "[t]o be justiciable under Article III

of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual … events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d. 689, 693-94 (4th Cir. 1983); *also Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997) (citations omitted) ("The requisite personal interest that must exist at the commencement of the litigation … must continue throughout its existence."). Put simply, "[a] claim may be mooted 'when the claimant receives the relief he or she sought to obtain through the claim,' because the court no longer 'has [ ] effective relief to offer.'" *Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013) (quoting *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002)).

Petitioner complains that the time credits she earned under the FSA have not been applied to her sentence. However, after Petitioner filed her petition for habeas relief, the BOP applied 365 days of time credit authorized by the FSA. (ECF No. 16-1). The time credits have altered Petitioner's release date from February 21, 2025 to February 22, 2024, and she now becomes eligible for home detention on August 22, 2023 and for elderly offender release on July 26, 2023. (*Id*. at 3-4). According to Respondent, Petitioner has received the maximum amount of FSA time credits available to her. Therefore, the record indicates that Petitioner has received the relief she requested in her petition for a writ of habeas corpus, rendering the petition moot and subject to dismissal.

There are two exceptions to the mootness doctrine. *Leonard,* 804 F.2d at 842. First, under the "collateral consequences" exception, a habeas petition is not rendered moot when a petitioner is released from custody where the petition challenges collateral

6

consequences, which continue after expiration of the sentence and are sufficient to create "a substantial stake" in the outcome of the habeas petition that "survives the satisfaction of the sentence." *Id.* Second, the "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Id.* (citing *Weinstein v. Bradford,* 423 U.S. 147, 149 (1975)). However, neither exception applies in this case.

Petitioner has not raised any collateral consequences flowing from the manner in which the BOP applied her FSA time credits, and there is no apparent factual basis upon which to claim that the collateral consequences exception applies. Furthermore, as Petitioner is not likely to face the same set of circumstances in the future, she is unable to demonstrate the "capable of repetition" exception to mootness. *Leonard,* 804 F.2d at 842. Therefore, the undersigned **FINDS** that (1) Petitioner's receipt of the relief she requested renders her petition for a writ of habeas corpus moot and (2) no exception to the mootness doctrine applies in this case.

### B. Exhaustion

Although it is clear that the issue raised in the petition is moot, the undersigned addresses exhaustion because in a reply memorandum, Petitioner seemingly adds an new challenge related to the calculation and application of FSA credits to her elderly offender release date. (ECF No. 10 at 14). Petitioner admits that she has not exhausted administrative remedies related to her FSA credits. Therefore, the undersigned **FINDS** that, to the extent Petitioner raises new issues regarding the calculation and application of her FSA credits, she must first exhaust her administrative remedies.

7

Although § 2241 does not itself contain an exhaustion prerequisite, courts have judicially imposed a duty on prisoners to exhaust administrative remedies before bringing a claim under that statute. *See Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 490–91 (1973); *see also McClung v. Shearin,* No. 03–6952, 2004 WL 225093, at *1 (4th Cir. Feb.6, 2004) (citing *Carmona v. United States Bureau of Prisons,* 243 F.3d 629, 634 (2d Cir.2001)). The court may, in its discretion, waive exhaustion under certain circumstances, such as "when a petitioner demonstrates futility, the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or the administrative procedure is clearly shown to be inadequate to prevent irreparable harm." *Wright v. Warden,* Civil Action RDB–10–671, 2010 WL 1258181, * 1 (D. Md. Mar. 24, 2010).

The BOP's Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, provides a process by which an inmate can seek review of an issue relating to any aspect of his or her confinement. With certain exceptions, an inmate must first present the issue of concern informally to a BOP staff member within the procedures prescribed by the warden of the institution in which the inmate is confined. *Id.* at § 542.13. An inmate can then file a formal written Administrative Remedy Request on the specified form. *Id.* at § 542.14. If the inmate is unsatisfied with the warden's response to the request, the inmate can appeal the decision to the appropriate regional director and can then appeal the response of the regional director to the general counsel. *Id.* at § 542.15. The administrative remedy request and appeals must comply with the requirements specified by the BOP. *Id.* at §§ 542.14, 542.15.

One important aspect of exhaustion is that it creates an administrative record for the Court to review. As the BOP is charged with computing an inmate's sentence and has

"developed detailed procedures and guidelines for determining credit available to prisoners," *United States v. Wilson*, 503 U.S. 329, 334 (1992), the BOP should have the first opportunity to review its calculation in this case and determine if any errors were made. As a district court recently explained:

> [T]he responsibility for determining sentence-credit awards lies with the Attorney General, through the BOP, as opposed to district courts. *United States v. Roberson*, 746 F. App'x 883, 885 (11th Cir. 2018) (citing *United States v. Wilson*, 503 U.S. 329, 330 (1992)). … Because the BOP calculates a prisoner's credit towards his federal sentence, a dissatisfied inmate must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence. *Id.* (internal quotations and citation omitted).

*United States v. Usma*, No. 2:19-CR-133-SPC-MRM, 2022 WL 267518, at *1 (M.D. Fla. Jan. 28, 2022) (internal markings omitted). The record before this Court, which amounts to a few statements made by the parties, is wholly insufficient for judicial review. How the BOP calculated and applied Petitioner's sentence credits are not apparent from any of the documents provided to the Court. The Court has seen only the end result of the calculation. Accordingly, the most reasonable approach in this case is to require Petitioner to exhaust her administrative remedies.

Moreover, Petitioner has not demonstrated a valid reason to waive exhaustion. She cannot show that the process is futile, because the BOP often reviews and recalculates inmate sentences. There is no evidence that the BOP clearly and unambiguously violated statutory or constitutional rights in calculating Petitioner's FSA credits and their impact on her sentence, and Petitioner has not shown that the administrative procedure is plainly inadequate to prevent irreparable harm. Accordingly, the undersigned **FINDS** that any challenge asserted by Petitioner to the calculation of her FSA credits and their applicability to her sentence is premature and

will remain so until Petitioner exhausts her administrative remedies.

## IV. Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that Respondent's requests for dismissal, (ECF Nos. 8, 12), be **GRANTED**; the Petition for a Writ of Habeas Corpus, (ECF No. 1), be **DENIED**; and this matter be removed from the docket of the Court.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Thomas v. Arn*, 474 U.S. 140 (1985); *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** April 11, 2022

Cheryl A. Eifert
United States Magistrate Judge